In the Matter of George J. L. Taylor, an Attorney, Petitioner. In the Matter of George J. L. Taylor, an Attorney, Respondent. New York State Bar Association, Petitioner.

Third Department, June 11, 1970.

*George J. L. Taylor,* petitioner and respondent in person.

*Frederick C. Stimmel (James W. Dolan* of counsel), for New York State Bar Association, petitioner.

*Per Curiam.* By order of this court, entered July 16, 1969, respondent was suspended from practice for a period of three months, commencing August 1, 1969, and until further order of the court. Action upon his petition for reinstatement has been deferred pending hearing and determination of additional charges of professional misconduct filed December 22, 1969 by the New York State Bar Association. Respondent admits the factual allegations of the petition and does not oppose the motion of the Bar Association to confirm the report of the Justice to whom the issues were referred, which report sustained four charges of professional misconduct.

Respondent has been found guilty of neglecting the interests of clients (1) in failing to commence negligence actions within the time required, after being advised by the insurance company involved that respondent's rejection of its offer would require litigation of the claims, and (2) in permitting dismissal of an action by failing to serve a complaint and in neglecting thereafter to oppose a motion for dismissal or to move to vacate the default. In addition, it has been found that respondent refused to answer or otherwise acknowledge communications he concededly received from the Committee on Grievances concerning complaints which are the bases of the neglect charges. With respect to the neglect charges, contrary to the Referee's conclusions, the record supports the findings that respondent failed to keep his clients informed and deceived a client by making false and misleading statements. Allegations to this effect in the petition stand admitted by respondent's failure to deny them

in his answer; and his statements at the hearing regarding them, when specifically called to his attention, were obscure and equivocal. Except as noted, however, the Justice's report should be confirmed in all respects.

With respect to the question of discipline, this is the third proceeding against respondent for professional misconduct in nine years. In 1961, respondent was suspended for a period of five months after conviction upon his plea of guilty to two counts of a four-count information charging him with willful failure to file Federal income tax returns for the years 1954 through 1957, during which his gross income ranged between $26,300 and $38,300. (14 A D 2d 19.) As already noted, in 1969, respondent was again suspended for three months, the misconduct being similar to the instant charges, in that it was found that he had made a false representation to a client that he had commenced an action to recover damages for personal injuries when, in fact, he had not done so, and did not do so within the time prescribed by the Statute of Limitations. (32 A D 2d 986.) In that proceeding, as in this, respondent's explanation as to the details of the charges was found to be " vague and evasive ". Furthermore, in this proceeding, respondent has offered nothing factual by way of defense or in mitigation of the admitted professional misconduct.

Finally, with respect to respondent's petition for reinstatement, in addition to the foregoing, it appears that respondent did not comply with the order of suspension, dated July 16, 1969, by failing to file with the court, within 30 days after the effective date of the order, an affidavit that he had fully complied with the terms of the order. The filing of such affidavit is not a mere perfunctory ritual.

For all of the reasons stated, respondent's petition for reinstatement should be denied and respondent should be suspended for a period of one year and thereafter until further order of this court.

HERLIHY, P. J., REYNOLDS, STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Petition for reinstatement denied; respondent suspended for a period of one year from the date of service of the order to be entered herein, and thereafter until further order of this court.